UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JUAN GOMEZ,

              Plaintiff,

- against -

THE CITY OF NEW YORK,
DETECTIVE ELIZABETH DELAROSA,
POLICE OFFICER ANTHONY CROCE,
SERGEANT CHRISTOPHER CANAVAN,

              Defendants,

----------------------------------------------------------x

**MEMORANDUM AND ORDER**
14-CV-2621 (ILG) (CLP)

GLASSER, Senior United States District Judge:

Juan Gomez was arrested and charged with leaving the scene of a car accident. After that charge was dismissed, Gomez brought this action against the City of New York and three police officers—Anthony Croce, Elizabeth Delarosa, and Christopher Canavan—("Defendants"), alleging false arrest, malicious prosecution, and denial of a fair trial in violation of 42 U.S.C. § 1983 and state law. Before the Court are Defendants' motion for summary judgment and Gomez's cross-motion for partial summary judgment. For the reasons given below, both motions are GRANTED in part and DENIED in part.

## 1   BACKGROUND

In February 2012, Officer Croce responded a hit-and-run reported by David and Lisa Varley ("complainants"). *See* Def.'s 56.1 Stm., Dkt. 22, ¶¶ 4–8. The complainants gave Croce a license plate number, but did not describe the car or its driver. *See id.*, ¶¶ 9–10; Pl.'s 56.1 Stm., Dkt. 25, ¶¶ 6–7. Later, during an interview with Detective Delarosa, David Varley stated that the driver was an unknown Hispanic male with the license plate number that was memorialized in Croce's accident report. *See* Def.'s 56.1 Stm. ¶¶ 20–23; Delarosa Dep., Dkt. 21-9, at 37–39.

1

After learning that the license plate was associated with a car registered to Gomez, Delarosa contacted Gomez, who volunteered to come to the police precinct. *See* Def.'s 56.1 Stm., ¶¶ 25, 28, 33. When he arrived, Gomez was brought to an interrogation room. *See id.*, ¶ 35.

The parties dispute what happened next. Delarosa claims that Gomez confessed involvement in the hit-and-run. *See* Delarosa Dep. at 23–24. But Gomez insists that he did not confess. *See* Gomez Dep., Dkt. 21-16, at 40, 53. In any event, Delarosa, with Officer Canavan's approval, arrested Gomez and issued a desk appearance ticket. *See* Def.'s 56.1 Stm., ¶¶ 41–43. During his deposition, Delarosa testified that but for the alleged confession she would not have had cause for the arrest. *See* Pl.'s 56.1 Stm., ¶ 17.

Delarosa later swore in a criminal complaint that she was "informed by the complainant" that "Juan J. Gomez, was operating his motor vehicle and rearend[ed] the complainant's vehicle" and was "further informed by the complainant that she observed the defendant leave said location without first stopping." Crim. Compl., Dkt. 21-13. During her deposition, however, Delarosa conceded that the complainants never identified Gomez. *See* Delarosa Dep. at 44.

As a result of the criminal complaint, Gomez was charged with leaving the scene of an incident without reporting, in violation of New York Vehicle and Traffic Law § 600(1)(a). The prosecution required multiple court appearances over the course of two years before the charge was dismissed on speedy trial grounds. *See* Pl.'s 56.1 Stm., ¶ 26–27.

Gomez commenced this action on April 25, 2014, alleging false arrest, malicious prosecution, and denial of his right to a fair trial, in violation of 42 U.S.C. § 1983 and state law. *See* Compl., Dkt. 1. After discovery, Defendants moved for summary judgment, but did not file a memorandum of law or any legal argument in support of the motion. *See* Dkts. 20–22. Gomez

opposed the motion and cross-moved for summary judgment on the false-arrest and fair-trial claims. *See* Dkts. 23–26. Defendants have not responded to Gomez's cross-motion.

## 2 LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (citations and quotation omitted). "A fact is material if it might affect the outcome of the suit under the governing law." *Id.* The Court must "construe the facts in the light most favorable to the nonmoving party" and "resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011).

Local Civil Rule 7.1(a) provides that "all motions shall include . . . [a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion. . . ." When a moving party violates that rule, "the Court may deny the motion" without reaching the merits, "though it is not required to do so." *Cardoza v. Mango King Farmers Mkt. Corp.*, 2015 WL 5561033, at *2 n.4 (E.D.N.Y. Sept. 1, 2015), *report and recommendation adopted*, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015); *see also Cea v. Access 23 TV*, 2015 WL 5474070, at *1 (S.D.N.Y. Sept. 15, 2015). When a non-moving party fails to file opposition papers, however, "the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citation omitted).

3

## 3 DISCUSSION

### 3.1 Defendants' Motion for Summary Judgment

As noted above, while Defendants have moved for summary judgment on all claims, they have failed to present, in a memorandum of law or otherwise, any arguments in support of their motion. For this reason, the motion is denied, except as to claims against Croce.

Croce is entitled to summary judgment because there is no suggestion that he was personally involved in the alleged constitutional violations: he simply responded to the accident and collected information, which he memorialized in a report. *See Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996) (§ 1983 requires "direct participation, or failure to remedy the alleged wrong after learning of it, or creation of a policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates").

Therefore, Defendants' motion for summary judgment is granted as to Croce, and denied as to Delarosa, Canavan, and the City of New York.

### 3.2 Plaintiff's Cross-Motion for Partial Summary Judgment

#### 3.2.1 *False Arrest*

Gomez's false-arrest claim stems from his Fourth Amendment right to be free from unreasonable seizures. *See Jaegly v. Couch*, 439 F.3d 149, 151 (2d Cir. 2006). Probable cause, which justifies a seizure, is a complete defense. *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013); *see also Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (a § 1983 claim for false arrest "is substantially the same as a claim for false arrest under New York law").

Granting summary judgment on the false-arrest claim would be inappropriate because there are factual disputes regarding the timing of Gomez's arrest and whether that arrest was supported by probable cause. Delarosa testified that Gomez confessed before the arrest. If that is true, there was probable cause, and the arrest was lawful. Gomez, on the other hand, insists that

he never confessed, and that Delarosa's testimony is incredible because she did not make notes or tell anyone about a confession. But credibility determinations must be made by a jury. Accordingly, Gomez's cross-motion for summary judgment on the false-arrest claim is denied.

3.2.2 *Denial of the Right to a Fair Trial*

Gomez argues that he was denied the right to a fair trial when Delarosa falsely swore in a criminal complaint that Varley identified Gomez as the hit-and-run driver. Gomez is correct.

"When an officer supplies false information to a prosecutor about a suspect, the officer has violated that suspect's right to a fair trial[,] . . . even if the officer had probable cause to arrest the accused." *Abreu v. City of New York*, 2006 WL 401651, at *6 (E.D.N.Y. Feb. 22, 2006); *see Zahrey v. Coffey*, 221 F.3d 342, 355 (2d Cir. 2000); *Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 129–130 (2d Cir. 1997). The claim accrues "when fabricated information is forwarded to a prosecutor and results in the deprivation of a defendant's liberty." *Soomro v. City of New York*, 2016 WL 1266069, at *5 (S.D.N.Y. Mar. 30, 2016). To satisfy the deprivation of liberty element, "[a] plaintiff need not show that he was convicted or that a trial took place." *Johnson v. City of New York*, 2010 WL 2771834, at *11 (E.D.N.Y. July 13, 2010) (citation omitted); *see e.g.*, *Ricciuti*, 124 F.3d at 127, 130 (allowing claim to proceed where plaintiffs were required to appear in criminal court seven times during a two-month period, though the charges were later dismissed when the police officer failed to appear); *Morse v. Spitzer*, 2013 WL 359326, at *3 (E.D.N.Y. Jan. 29, 2013) (holding that a plaintiff "suffered a deprivation of liberty" when he "was required to make multiple court appearances over the course of the fifteen months . . . and then defend himself at trial against the criminal charges brought against him").

It is undisputed that Delarosa swore in a criminal complaint that she was "informed by the complainant" that "Juan J. Gomez, was operating his motor vehicle and rearend[ed] the complainant's vehicle" and was "further informed by the complainant that she observed the

5

defendant leave said location without first stopping" (Crim. Compl. at 1), when in fact the complainant never identified Gomez (*see* Delarosa Dep. at 44). That falsehood—the only information contained in the complaint to support the charge—resulted in a two-year-long criminal prosecution requiring multiple court appearances. This fabrication of evidence violated Gomez's right to a fair trial. *See e.g.*, *Ricciuti*, 124 F.3d at 130; *Struthers v. City of New York*, 2013 WL 2390721, at *13 (E.D.N.Y. May 31, 2013) (holding that a plaintiff can establish a fabricated-evidence claim by proving that a police officer falsely swore in a criminal complaint that an assault victim identified the plaintiff as the assailant). Moreover, "[q]ualified immunity is unavailable where, as here, the action violates an accused's clearly established constitutional rights, and no reasonably competent police officer could believe otherwise." *Ricciuti*, 124 F.3d at 130. Accordingly, Gomez is entitled to summary judgment on the claim that Delarosa violated his right to a fair trial.

Gomez has not, however, shown that Officer Canavan was involved in fabricating evidence, nor has he identified a basis for imposing liability on the City of New York. Therefore, as to Canavan and the City of New York, Gomez's cross-motion is denied.

## CONCLUSION

Defendants' motion for summary judgment is GRANTED as to all claims against Croce, and otherwise DENIED. Plaintiff's cross-motion for summary judgment is GRANTED as to his claim that Delarosa violated his right to a fair trial, and otherwise DENIED.

SO ORDERED.

Dated:     Brooklyn, New York
           May 5, 2016

                                                 /s/
                                          I. Leo Glasser
                                          Senior United States District Judge