UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
JUAN GOMEZ,

        Plaintiff,

- against -

THE CITY OF NEW YORK,
DETECTIVE ELIZABETH DELAROSA,
SERGEANT CHRISTOPHER CANAVAN,

        Defendants,

------------------------------------------------------x

**MEMORANDUM AND ORDER**
14-CV-2621 (ILG) (CLP)

GLASSER, Senior United States District Judge:

In September 2015, Plaintiff Juan Gomez moved for summary judgment on his claims against the City of New York, Officer Anthony Croce, Detective Elizabeth Delarosa, and Sergeant Christopher Canavan ("Defendants") for false arrest, malicious prosecution, and denial of a fair trial in violation of 42 U.S.C. § 1983 and state law.

Defendants did not oppose Gomez's motion. The Court granted the motion in part and denied it in part. *See Gomez v. The City of New York*, 14-CV-2621, DE 28, *available at* 2016 WL 2591883 ("Summary Judgment Decision"). The Court held, among other things, that the undisputed evidence established that Detective Delarosa falsely swore in a criminal complaint that an eyewitness to a hit-and-run identified Gomez as the driver, and that this fabrication of evidence violated Gomez's right to a fair trial. Accordingly, on that claim the Court granted summary judgment.

Defendants, having failed to oppose the summary judgment motion, now ask the Court to reconsider its ruling. As elaborated below, because Defendants fail to identify any matter or controlling decision that the Court overlooked, their motion for reconsideration is DENIED.

1

The pertinent facts are set forth in the Summary Judgment Decision, familiarity with which is assumed.

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to *controlling* decisions or data that the court *overlooked*." *Brown v. Catella*, 2009 WL 4931346, at *2 (D. Vt. Dec. 14, 2009) (emphasis added); *see* Local Civ. R. 6.3. Reconsideration may be justified by "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Although the "court has wide discretion to grant or deny a motion for reconsideration," (*Belfiore v. Procter & Gamble Co.*, 140 F. Supp. 3d 241, 245 (E.D.N.Y. 2015)), "[t]hese criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Richard v. Dignean*, 126 F. Supp. 3d 334, 337 (W.D.N.Y. 2015) (quotation omitted).

Before deciding the unopposed motion for summary judgment, the Court, as required, conducted its own review of the record and law. *See generally Woodward v. Ali*, 2015 WL 5711899, at *6 (N.D.N.Y. Sept. 29, 2015) (before granting an unopposed motion for summary judgment, the Court must "determine whether the movant satisfied his burden of production: it must ensure that the evidence upon which the movant relies supports the facts asserted; confirm that the facts entitle the moving party to judgment as a matter of law; and set forth its reasoning"); *Jackson v. Fed. Exp.*, 766 F.3d 189, 194 (2d Cir. 2014); *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241 (2d Cir. 2004).

Defendants cite no "matters or controlling decisions" that the Court overlooked. Rather, they rely on parts of the record that were considered by the Court, and case law that is neither

directly applicable nor precedential, and thus not controlling. There was no error or injustice; the Summary Judgment Decision was correct. In essence, Defendants view reconsideration as a vehicle for avoiding the consequences of their failure to oppose the summary judgment motion. *See generally Vermont Teddy Bear*, 373 F.3d at 247 ("In failing to oppose summary judgment, defendant has chosen the risky and imprudent path of relying solely on [the plaintiff's] failure to meet its burden of production."). But Local Rule 6.3 does not permit a party, in effect, to file a belated response to a motion after it has been decided. Thus, Defendants have not established grounds for reconsideration, and the motion for reconsideration is denied.

Even if the Court were to reconsider its prior ruling, it would find that Defendants' substantive arguments are meritless. First, Defendants argue that Detective Delarosa's criminal complaint "does not . . . contain a falsehood." Def. Mem. of Law, DE 30, at 4. But it is undisputed that Delarosa swore in that complaint that "[she was] informed by the complainant" that Gomez "was operating his motor vehicle and rearend[ed] [her] vehicle" and was "further informed by the complainant that she observed [Gomez] leave . . . without first stopping" (Crim. Compl. at 1), even though the complainant never identified Gomez (to Delarosa or anyone else) (*see* Delarosa Dep. at 44). Defendants' argument that "the criminal complaint conveys the information relayed to police officers by the complainant" and the "facts known to Detective Delarosa at the time of plaintiff's arrest" (Def. Mem. at 4–5) simply ignores the record.[1]

---

[1] Defendants' indifference to facts is further reflected in their memorandum of law, which falsely claims that the complainant "reported . . . a description of the car." Def. Mem. at 4 (citing Def. 56.1 Stm. ¶ 10). While that issue is immaterial to the pending motion, the cited portion of Defendants' 56.1 Statement says that "the complainants provided [] Croce with the *license plate number* of the vehicle"—not a description of the car. (emphasis added). In fact, according to his deposition testimony, Croce believes that the complainants did *not* provide a description of the car. *See* Croce Dep. at 13–15. Similarly, Delarosa testified that she believes that the complainant only provided a license plate and description of the driver as a Hispanic male—not a description of the car. *See* Delarosa Dep. at 37–39. (Although Delarosa later "[could] not answer [with] certainly [sic]" whether the complainant described the car, she testified that if he did, she would have memorialized the description and its source, which she did not. *Id.* at 44–45.) Defendants' assertion that the complainant described the car is completely baseless.

Next, Defendants argue that because the false statement was inadmissible hearsay it was not "likely to influence a jury." *Id.* at 6. But the phrase "likely to influence a jury"—recited in the Second Circuit's nonprecedential order, *Jovanovic v. City of New York*, 486 Fed. App'x. 149, 152 (2d Cir. 2012), as an "element" of a denial of fair trial claim—addresses "the *materiality* aspect of the denial of fair trial inquiry." *Soomro v. City of New York*, 2016 WL 1266069, at *6 (S.D.N.Y. Mar. 30, 2016) (emphasis added). In other words, it requires "a showing . . . that the [false] information would likely influence the jury *if* it arrived at a jury." *Garnett v. Undercover Officer C0039*, 2015 WL 1539044, at *8 (S.D.N.Y. Apr. 6, 2015); *see also Soomro*, 2016 WL 1266069, at *6 (cautioning against "conflat[ing] the materiality (likely to influence a jury) and causation (consequential deprivation of liberty) elements of a denial of fair trial claim"). "Because materiality and causation are two distinct elements, and a denial of fair trial claim can accrue when fabricated information is forwarded to the prosecution (with no jury trial at all), the fact that allegedly fabricated evidence would be inadmissible at trial by itself is not a bar to the claim." *Id.*; *see also Nnodimele v. Derienzo*, 2016 WL 337751, at *12–13 (E.D.N.Y. Jan. 27, 2016). *But see Brown v. City of New York*, 12-CV-4226 (BMC), Dkt. 20, Slip Op. at *6 (E.D.N.Y. Dec. 24, 2014) (reaching the opposite conclusion). After all, hearsay in a criminal complaint can influence a prosecutor's charging decision and result in a pre-trial deprivation of liberty. *See Nnodimele*, 2016 WL 337751, at 13 ("Fabricated evidence, notwithstanding its ultimate inadmissibility at trial, can influence many critical aspects of a prosecution, including a prosecutor's assessment of the reliability of other evidence, a prosecutor's initial decision to pursue a case, a magistrate's decision to grant bail, a grand jury's decision to indict, and a judge's rulings on pre-trial motions."). Because Defendants do not dispute the materiality of the

fabricated eyewitness identification, their second argument does not alter the conclusion that Gomez is entitled to summary judgment.

Finally, Defendants argue that Gomez "cannot and has not proven causation"—*i.e.*, that the fabricated eyewitness identification, rather than the alleged confession, "caused plaintiffs' deprivation of liberty." Def. Mem. at 8–9. "The causation standard is a familiar one—proximate cause." *Lopez v. City of New York*, 105 F. Supp. 3d 242, 247 (E.D.N.Y. 2015). "To be a proximate cause, the misconduct must constitute a 'substantial factor in bringing about the harm.'" *Nnodimele*, 2016 WL 337751, at *14. While causation usually presents a factual issue for the jury (*id.* at 15), in this case, it is undisputed that the fabricated eyewitness identification was the *only* information contained in the criminal complaint to support the charge, and that the purported confession was never documented nor relayed to the district attorney's office. *See* Pl. 51.6 Stm. ¶¶ 19–21. Under the circumstances, no reasonable jury could find that the fabricated eyewitness identification was *not* a substantial factor in bringing about Gomez's prosecution.

Defendants' motion for reconsideration is DENIED.

SO ORDERED.

Dated:    Brooklyn, New York
         August 18, 2016

/s/
I. Leo Glasser
Senior United States District Judge